# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7517 | DATE | 4/14/2003 |
| CASE TITLE | City of Chicago v. AT&T Broadband, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, Plaintiff's Motion to Remand case to the Circuit Court of Cook County [12-1] is DENIED. This matter is hereby set for status on 4/21/2003 at 9:00 a.m., at which time the Court will set a briefing schedule for the pending motions to dismiss [7-1, 10-1, 11-1] filed by the Defendants.

(11) ■ [For further detail see memorandum and opinion order attached to this original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 15 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 7517 |
| | ) | |
| v. | ) | HONORABLE DAVID H. COAR |
| | ) | |
| AT&T BROADBAND, INC.; | ) | |
| COMMUNICATIONS CABLE OF | ) | |
| CHICAGO, INC.; SOUTH CHICAGO | ) | |
| CABLE, INC.; PRIME | ) | |
| COMMUNICATIONS-CHICAGO, LLC; | ) | |
| RCN CABLE TV OF CHICAGO, INC.; | ) | |
| and WIDEOPENWEST ILLINOIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
APR 15 2003

## MEMORANDUM OPINION AND ORDER

The City of Chicago (the "City" or "Plaintiff") filed a complaint in the Circuit Court of Cook County seeking a declaratory judgment that its franchise agreements with the defendant cable providers--AT&T Broadband, Inc., Communications Cable of Chicago, Inc., LaSalle Telecommunications, Inc., South Chicago Cable, Inc., Prime Communications-Chicago, LLC, RCN Cable TV of Chicago, Inc., and Wideopenwest Illinois, Inc. ("Defendants")--by their terms, require Defendants to pay franchise fees based on the revenue derived from the provision of cable modem service. On October 18, 2002, Defendants removed the action to this Court, arguing that this action arises under federal law. Before this Court is Plaintiff's motion to remand the case back to the Circuit Court, arguing that this Court lacks federal subject matter jurisdiction because this case is a state law claim for declaration of the parties' rights under a contract. For the following reasons, this Court DENIES Plaintiff's motion to remand.

## Background

Each of the Defendants has entered into a franchise agreement with the City. The franchise agreements provide Defendants with the right to extend, install, maintain and operate a cable system within a specified franchise area in the City under the terms and conditions set forth in the agreements. Pursuant to Section 4.1 of the franchise agreements, which is governed by the local cable ordinance as interpreted and applied in accordance with Section 542 of the Communications Act, 47 U.S.C. § 542, Defendants are required to pay the City a franchise fee in the amount of 5% of their gross revenues during the period of their operation under the franchise agreements.

Defendants derive revenue not only from the provision of traditional cable television service, but also from the provision of services supplying high speed access to the Internet ("cable modem" service). Prior to about April 2002, Defendants paid franchise fees based on revenue derived from the provision of both cable television and cable modem services. On March 15, 2002, the FCC released its Declaratory Ruling holding "that cable modem service as currently provided is an interstate information service, not a cable service." In re Inquiry Concerning High-Speed Access to the Internet Over Cable and Other Facilities, Internet Over Cable Declaratory Ruling and Appropriate Regulatory Treatment for Broadband Access to the Internet Over Cable Facilities, Declaratory Ruling and Notice of Proposed Rulemaking, 17 F.C.C.R. 4798, 4820 at ¶ 33 (Mar. 15, 2002) (hereinafter "FCC Declaratory Ruling). The FCC further held that "[g]iven that we have found cable modem service to be an information service, revenue from cable modem service would not be included in the calculation of gross revenues from which the franchise fee ceiling is determined." Id. at 4852 ¶ 105.

Shortly after the FCC Declaratory Ruling, Defendants informed the City that they would stop paying franchise fees based on revenue derived from the provision of cable modem service, and thereafter, Defendants indeed stopped paying franchise fees based on revenue derived from cable modem service. The City informed Defendants that, under the Franchise Agreements, they still are required to pay franchise fees based on revenue derived from the provision of cable modem service. Defendants refuse to pay and the City filed this declaratory action in state court. Defendants subsequently removed this action to federal court, arguing that the Complaint arises under federal law. Plaintiff moves this Court to remand the case back to state court, arguing that Defendants' assertion of federal law is a defense that cannot serve as a basis for federal subject matter jurisdiction. Thus, the issue before this Court is jurisdictional.

**Standard**

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded" complaint rule; the Court examines the plaintiff's well-pleaded complaint to see if it raises an issue of federal law. Atchley v. Heritage Cable Vision Assocs., 101 F.3d 495, 498 (7th Cir. 1996). A case cannot be removed to federal court on the basis of a federal defense that the defendant might rise to defeat the plaintiff's claim. Burda v. Ecker Co., 954 F.2d 434, 438 (7th Cir. 1992). However, an independent corollary to the well-pleaded complaint rule is the "artful pleading doctrine," meaning "a plaintiff may not frame his action under state law and omit federal questions that are essential to recovery." Id. (citing Franchise Tax Board v. Constr. Laborers Vacations Trust, 463 U.S. 1, 12 (1983)). Thus, a federal court may "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Id.

## Discussion

Plaintiff maintains that its claim is a matter of contract interpretation, which belongs in the state court, and federal law appears nowhere on the face of the Complaint. Defendants, however, counter that Plaintiff's Complaint raises a substantial federal question. Namely, Defendants point to section 4 of the franchise agreements, which governs "Franchise Fee and Other Fee." This section clearly states that it is to be applied and interpreted "in accordance with Section 542 of the Communications Act." Defendants also point to the FCC Declaratory Ruling and the franchise fee limitation that flows from that decision. Defendants argue that the Complaint essentially asks this Court whether, in light of the FCC's ruling that cable modem service is not a cable service, the federal limit on franchise fees prohibits the City from collecting franchise fees on cable modem service under the Franchise Agreement. This Court agrees with Defendants that the Complaint raises an issue of federal law.

The City contends that Defendants have an obligation to pay franchise fees on cable modem service even if the FCC Declaratory Ruling is upheld because the restrictions of Section 542 of the Communications Act would not apply. It points to Cahnmann v. Sprint Corp., 133 F.3d 484 (7th Cir. 1998), for support. In Cahnmann, a customer brought a class action in state court against a long-distance telephone carrier, alleging that the carrier had imposed charges that differed from those it had advertised in a "Fridays Free" promotion. There was no dispute that the carrier had charged its customers in compliance with the tariffs it had filed with the FCC, and federal law prohibited the carrier from deviating from those tariffs. Id. at 487. Under those circumstances, the court held that the filed tariff was the contract between the carrier and its customers because "there is no contractual undertaking left over that state law might enforce." Id. at 489. The court explained that, "[i]t is not as if the 'Fridays Free' tariff had promised free

-4-

calls and another provision of a contract between the plaintiff and Sprint had promised to sell the plaintiff a bushel of Ugli fruit at market price. If the promises were severable, the plaintiff could sue to enforce the latter promise, though not the former." Id.

The City argues that, unlike the plaintiffs in Cahnmann, its franchise agreements contain two severable obligations. One obligation is to pay franchise fees on cable service, which section 542 covers, and the other obligation is to pay franchise fees on non-cable service, which it argues section 542 does not cover. Plaintiff, however, overlooks the federal regulation over this "non-cable" cable modem service. First, section 4.2 of the franchise agreements, which is the provision to which Plaintiff cites for authority to impose fees on non-cable services, is a subsection under section 4, which expressly acknowledges federal law. Second, the FCC itself recognized cable modem service within its jurisdiction and in its declaratory ruling sought comments on the topic. It stated in part:

> In order to facilitate our national policy goals, we seek to clarify the authority of State and local governments with respect to cable modem service. . . . [W]e seek to remove regulatory uncertainty that may discourage investment and innovation in broadband services . . . . [W]e would be concerned if a patchwork of State and local regulations beyond matters of purely local concern resulted in inconsistent requirements affecting cable modem service. . . . Accordingly, we seek comment regarding whether we should interpret the Commission's assertion of jurisdiction under the Communications Act to preclude State and local authorities from regulating cable modem service and facilities in particular ways.

FCC Declaratory Ruling at 4848 ¶¶ 96, 97, 98. Third, the City's Complaint implicates other provisions of the Communications Act. In Section 706, Congress delegated authority to the FCC to ensure rapid deployment of "advanced telecommunications service," including Internet services such as cable modem service, see notes to 47 U.S.C. § 157 (quoting Pub. L. No. 104-104, 110 Stat. 153) ("Section 706"). Similarly, in Section 230, Congress declared "[i]t is the policy of the United State . . . to promote the continued development of the Internet . . . and to

preserve the vibrant and competitive free market that presently exists for the Internet and other interactive compute services, unfettered by Federal or State regulation." 47 U.S.C. § 230(b).

Thus, contrary to Plaintiff's assertion, even if the franchise agreements contain two separate obligations to pay franchise fees--one for cable services and the other for non-cable services (a dubious interpretation of the franchise agreements)--these obligations are not severable because both are affected by Section 542, the FCC's Declaratory Ruling, and/or other federal regulations. Because the City has failed to demonstrate that the present dispute involves anything other than the application and interpretation of federal law, this Court DENIES its motion to remand the case to the Circuit Court of Cook County.

## Conclusion

For the foregoing reasons, Plaintiff's motion for remand [31-1] is DENIED.

Enter:

*[signature]*

David H. Coar
United States District Judge

Dated: April 14, 2003